IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **SANDRY GARCIA-GARCIA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 1:15-11697** |
| v. ) | |
| ) | |
| **BART MASTERS, Warden,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 31, 2015, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1).[1] In his Petition, Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of a liberty interest in his good time credit. (Id.) Petitioner states that his due process rights were violated by the following: (1) Petitioner was denied witnesses and an interpreter; and (2) The DHO relied on hearsay as evidence. (Id., pp. 6 - 7.) As relief, Petitioner requests that his good conduct time be fully restored. (Id.)

As Exhibits, Petitioner attached the following: (1) A copy of the Incident Report dated August 17, 2012 (Id., pp. 10 and 11.); (2) A copy of the DHO Report (Id., pp. 12 – 13, 17.); (3) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated September 10, 2012 (Id., p. 15.); (4) A copy of Regional Director J.L. Norwood's Response dated October 12, 2012 (Id., p. 16.); and (5) A copy of a letter dated August 17, 2012, from Petitioner to SIS B. Sheets

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

regarding the "ineffective investigation" (Id., pp. 19 - 20.).

By Order entered on August 21, 2015, United States Magistrate Judge R. Clarke VanDervort ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 5.) On September 22, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner received the rights afforded pursuant to *Wolff*" (Id., pp. 7 - 9.); and (2) "The DHO's findings are sufficient to support the charge" (Id., pp. 9 - 11.)

As Exhibits, Respondent attaches the following: (1) The Declaration of Sharon Wahl (Document No. 8-1, pp. 2 - 3.); (2) A copy of the "Incident Report" dated August 17, 2012, indicating that Petitioner violated Offense Code 201 (Id., pp. 5 - 7.); (3) A copy of the "Notice of Discipline Hearing Before the DHO" dated August 21, 2012 (Id., p. 9.); (4) A copy of the "Inmate Rights at Discipline Hearing Form" dated August 21, 2012 (Id., pp. 11 - 12.); (5) A copy of the Discipline Hearing Officer Report dated September 5, 2012 (Id., pp. 14 - 16.); and (6) A copy of Petitioner's "Inmate Education Data Transcript" dated September 1, 2015 (Id., p. 18.).

On December 24, 2015, Petitioner filed his "Reply to Respondent's Response." (Document No. 11.) Petitioner argues that "there are no photographs of the so-called physical evidence relied upon, the government's/respondent's position makes no sense, and is unsupported to the extent that a defense here is unsupported." (Id.) Petitioner contends that "absent photos and medical records in support, [there is] room for doubt based upon the weight

of factual evidence." (Id.) Petitioner claims there is no medical evidence "to support that Petitioner and the other inmate had a physical fight."[2] (Id.) Petitioner, therefore, asserts that "the DHO findings were based on hearsay evidence." (Id.) Finally, Petitioner states that he "was informed that his silence alone may not be used to support a finding that he committed the prohibited act."[3] (Id.) Petitioner, therefore, argues that Respondent should not "rely upon Petitioner's silence as a reason for the Court to deny Petitioner's pro se habeas corpus writ." (Id.)

By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 12.)

## **DISCUSSION**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants

---

[2] Contrary to Petitioner's assertion, the record reveals that the DHO considered medical records documenting injuries to Petitioner and the other inmates involved in the incident. (Document No. 8-1, p. 14.)

[3] The record clearly reveals that during the investigation of the Incident Report, Petitioner was advised of the following: "Inmate Advised of Right to Remain Silent: You are advised of your right to remain silent at all stages of the disciplinary process but are informed that your silence may be used to draw an adverse inference against you at any stage of the institutional disciplinary process. You are also informed that your silence alone may not be used to support a finding that you have committed a prohibited act." (Document No. 8-1, p. 7.) There is no indication that Petitioner's silence alone was used to decide that he committed the prohibited act of fighting.

convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)(holding that an inmate cannot be deprived of a protected liberty interest in good-time

credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in

charging and considering Petitioner's violation of Offense Code 201, prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. A review of the record reveals that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. The undersigned notes that Petitioner received written notice of the charges on August 17, 2012,[4] and was provided a "Notice of Discipline Hearing Before the DHO" on August 21, 2012. (Document No. 8-1, pp. 5 - 9.) On the "Notice of Discipline Hearing Before the DHO," it was indicated that Petitioner did not wish to have a staff representative or wish to call witnesses. (Id., p. 9.) Petitioner, however, refused to sign the form. (Id.) The DHO hearing was held on August 29, 2012. (Id., p. 14.) Again, it was indicated that Petitioner did not wish to call any witnesses. (Id., p. 14.) The DHO found that Petitioner violated Offense Codes 201. (Id. p. 16.) The DHO imposed the following sanctions: (1) 60 days Disciplinary Segregation; (2) Disallowance of 27 days Good Conduct Time; (3) Forfeiture of 60

---

[4] The Incident Report dated August 17, 2012, described the incident as follows (Document No. 8-1, pp. 5 - 6.):

> As the result of an SIS investigation which concluded on August 17, 2012, at 1:30 a.m. it was determined that on July 7, 2012, at approximately 3:30 p.m., inmates Garcia-Garcia, Sandry #1588-067 and [redacted] engaged in a verbal altercation in Union A Unit. The verbal altercation escalated, at which point inmate Garcia-Garcia struck inmate [redacted] with a closed fist to his facial area. Shortly thereafter, a physical altercation between the two ensued in the bathroom of Union A Unit. As a result, inmate Garcia-Garcia sustained small abrasions to the left side of his forehead and across the zygomatic arch, as well as superficial abrasion to the first knuckle of his left hand and right anterior forearm. Inmate [redacted] sustained 10 cm of cicumferential swelling to the left side of his face just below the zygomatic arch and abrasions to the interior cheek.

days of Non-Vested Good Conduct Time; (4) Monetary fine of $125.00; and (5) Loss of Phone and Visitation Privileges for 8 months.[5] (Id.) Petitioner was provided a copy of the final DHO report on September 5, 2012. Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights.

    Next, the undersigned will consider Petitioner's claim that his due process rights were violated because he was denied an interpreter. First, the undersigned finds that the record does not support Petitioner's claim that there was a language barrier or that he could not understand the proceedings. There is no indication that Petitioner requested an interpreter during the DHO hearing. During the DHO hearing, Petitioner was advised of his rights and acknowledged that he understood those rights. (Document No. 8-1, p. 14.) Petitioner then made the following statement: "It wasn't me; I have no comment to make." (Id.) The DHO further noted that "[n]o procedural issues were cited [by Petitioner] and no documentary evidence was provided for consideration." (Id.) In Response to the Incident Report, Petitioner stated "It was not a fight, it happened in Rec. This is all bullsh*t." (Document No. 8-1, p. 7.) Furthermore, Petitioner's educational transcripts reveal that he successfully completed a 40 hour English Proficiency Course between April and June 2011, which was more than one year before the DHO hearing

---

[5] The DHO stated the "Reason for Sanction or Action Taken" as follows (Document No. 8-1, p. 16.):

> Garcia-Garcia's involvement in a fight with another inmate potentially threatened not only the safety of the participants, but staff responding to the incident and other inmates in the area. Sometimes what appear to be isolated incidents (a fight in this case) evolve to involve others. Accordingly, Disciplinary Segregation, the Disallowance of Good Conduct Time and the Forfeiture of Non-Vested Good Conduct Time is sanctioned to punish Garcia for his behavior, while the Loss of Privileges (Phone and Visit) and a Monetary Fine is sanctioned in an effort to deter him from this behavior in the future.

7

was conducted. The undersigned further notes that all documents filed by Petitioner in the instant action are written in English and there is no indication that Petitioner has difficultly with the English language.

Finally, Petitioner appears to contend that there was insufficient evidence to support the DHO's decision. Specifically, Petitioner contends that the DHO determined Petitioner committed the prohibited act of fighting based upon hearsay evidence. In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)("revocation of good time does not comport with 'the minimum requirements of procedural due process' . . . unless the findings of the prison disciplinary board are supported by some evidence in the record"). The undersigned finds that prison staff, the UDC and the DHO acted fully within their discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 201. The finding was supported by the evidence and the disallowance of 27 days of good conduct time and 60 days of non-vested good conduct time was lawful and appropriate. In addition to the Incident Report and Investigation, the DHO considered the following: (1) Petitioner's statement; (2) A written statement from Correctional Officer M. Moore; (3) A written statement from Correctional Officer T. Ransdorf; (4) Notes written on "Inmate Request to Staff" dated July 10, 2012; (5) A copy of the Recreation Injury Log dated July 7, 2012; (6) Pertinent photographs taken by Correctional Officer Ransdorf; (7) Pertinent medical records for Petitioner and the other inmates involved in the altercation; and (8) The SIS Investigative Report. (Id., p. 14 – 15.) In

finding that Petitioner violated Code 201, the DHO specifically stated that it relied upon the following:

> Garcia-Garcia's involvement in the incident, as noted in Section 11 of Incident Report 2340069, as provided by B. Sheets, Lt., was reviewed. Paraphrased, B. Sheets writes: On 7/7/12, at or about 3:30 pm, inmates Garcia-Garcia, Sandry # 15880-067 and [redacted], engaged in a verbal altercation in Union A Unit. The verbal altercation escalated at which point inmate Garcia-Garcia struck inmate [redacted] with a closed fist to his facial area. Shortly thereafter a physical altercation between the two ensued in the bathroom of Union A Unit. As a result, inmate Garcia-Garcia sustained small abrasions to the left side of his forehead and across the zygomatic arch as well as a superficial abrasion to the first knuckle of his left hand and right anterior forearm. Inmate [redacted] sustained 10 cm of circumferential swelling to the left side of his face just below the zygomatic arch and abrasions on the interior cheek.
>
> Inculpatory evidence in the form of the SIS Investigative Report by Lt. Sheets corroborated the evidence cited in this report. The investigative report indicates eye-witness accounts of both inmate's actions which support a verbal and mutual physical altercation between inmates [redacted] and Garcia.
>
> The DHO believed the information provided by the staff member involved in this case, as they derived no known benefit by providing false information. The DHO finds the charge to be supported in this case based upon the greater weight of evidence cited in this report. A "fight" is a hostile physical or verbal encounter or engagement between two or more persons. The DHO finds the charge for code 201 to warrant the Forfeiture of Non-Vested Good Conduct Time in addition to the Disallowance of Good Conduct Time based on the offense being of a highly aggravated offense which greatly jeopardizes the safety of staff and inmates.
>
> Upon questioning by the DHO, Inmate Garcia-Garcia, Sandry, Registration # 15880-067, denied the charge. He elaborated upon his plea by stating, the was not involved in any fight and declined to elaborate or comment further on the incident.
>
> After the consideration of evidence documented above, the DHO has drawn the conclusion the greater weight of the evidence/some facts, listed in the paragraphs above, supports the finding, inmate Garcia-Garcia, Sandry, Register No. 155880-067, committed the prohibited act of Fighting With Another Person, Code 201, on 7/7/12, at or about 3:30 pm, in Union A Unit, at LSCI Allenwood, PA.

(Id., p. 15.) Based on the foregoing, the undersigned finds no violation of Petitioner's due

process rights because there was "some evidence" to support the DHO's decision. As stated above, Petitioner was given written notice of the charges against him at least 24 hours before his hearing, Petitioner received a statement of the reasons for the unfavorable decision in the form of a written report, and Petitioner had the opportunity to call witnesses in his defense. Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 16, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge