# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**SANDRY GARCIA-GARCIA,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 1:15-11697**

**BARBARA RICKARD, Warden,**[1]

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on August 16, 2016. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's

---

[1] The proper defendant in a habeas corpus matter is the plaintiff's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper defendant herein, both in the style of the case and the short style at the top of the docket sheet.

Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). After obtaining an extension of time to do so, see ECF No. 16, plaintiff filed timely objections to the Proposed Findings and Recommendation on September 26, 2016. The court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II. Analysis

On July 31, 2015, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. In that filing, he contends that he was denied due process during prison disciplinary proceedings that resulted in a loss of good time credits. Specifically, Garcia-Garcia contends that his due process rights were violated because (1) he was denied

witnesses and an interpreter at the hearing; and (2) the hearing officer relied upon hearsay evidence.

Magistrate Judge Aboulhosn recommended that the court dismiss plaintiff's § 2241 because Garcia-Garcia was afforded the due process to which he was entitled.  See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).  The magistrate judge further found that plaintiff's due process rights were not violated because he was not actually denied an interpreter.  Finally, Magistrate Judge Aboulhosn concluded that sufficient evidence supported the disciplinary decision.

Garcia-Garcia's single objection to the PF&R is to its conclusion that his due process rights were not violated because he was not provided an interpreter.  Specifically, he argues that both Wolff and the regulations of the Bureau of Prisons ("BOP") required that an interpreter be provided during his disciplinary hearing.  Plaintiff also takes issue with Magistrate Judge Aboulhosn's conclusion that Garcia-Garcia did not require an interpreter because the language barrier was not such that an interpreter was necessary for him to understand the disciplinary proceeding.  According to plaintiff, he was entitled to an evidentiary hearing on this issue and, in his objections, he provided evidence that showed he was provided an interpreter at a disciplinary hearing held approximately six months before the one at issue herein.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. Where a prison disciplinary hearing may result in the loss of good time credits, Wolff held that the inmate must receive: (1) "advance written notice of the claimed violation"; (2) an opportunity, when consistent with institutional safety and correctional goals, "to call witnesses and present documentary evidence in his defense"; (3) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action"; and (4) an opportunity to seek the aid of a fellow inmate or prison staff on complex matters or if the inmate is illiterate". Id. at 563-70.

Courts have not interpreted Wolff to require the presence of an interpreter especially where, as here, the record does not support a finding that an interpreter was necessary for Garcia-Garcia to understand the proceedings or provide a defense on his behalf. See, e.g., Encarnacion-Montero v. Sanders, No. CV 12-5262 VBF (JC), 2014 WL 9913503, *5-6 (C.D. Cal. June 4, 2014) (holding that due process did not require the provision of an interpreter to inmate in prison disciplinary proceeding where, among other things, inmate did not request assistance of interpreter or any other kind of assistance); Ozsusamlar v. Copenhaver, No. 1:13-cv-00422-SAB-HC, 2014 WL 791480, *5-6 (E.D.

4

Cal. Feb. 24, 2014) (finding that no denial of due process where inmate stated he was denied an interpreter during disciplinary proceedings where, among other things, inmate "made several statements at the DHO hearing and on previous occasions" and the record did not support his allegation that inmate ever requested an interpreter). There is no evidence in the record that Garcia-Garcia ever requested an interpreter. Furthermore, during his hearing, Garcia-Garcia indicated that he was advised of his rights and understood them. See ECF No. 8-1 at p.14.[2] Indeed, Garcia-Garcia communicated in English with prison officials throughout the disciplinary proceedings making the following comments at various junctures: "It is not true. I did not fight with _____." and "It wasn't me; I have no comment to make." and "It was not a fight, it happened in Rec. This is all bullshit." ECF No. 8-1 at pp. 5, 7, and 14. Furthermore, the fact that Garcia-Garcia had completed a 40-hour English Proficiency course more than a year earlier is further evidence that the language barrier was not such that an interpreter was required.

---

[2] Garcia-Garcia was specifically advised that he had "[t]he right to have a full-time member of the staff who is reasonably available to represent you before the Disciplinary Hearing Officer." ECF No. 8-1 at p.11. Although Garcia-Garcia refused to sign the form indicating that he had been advised of this and other rights, BOP employee J. Solomon indicated that he or she had personally advised Garcia-Garcia of the rights afforded to him at a disciplinary hearing. See id. at pp.11-12.

As to Garcia-Garcia's evidence that he was provided an interpreter at an earlier disciplinary hearing, the documents from that hearing show that Garcia-Garcia specifically requested an interpreter. See ECF No. 17 at p.7. Critically, Garcia-Garcia does not contend that he requested an interpreter in connection with the disciplinary proceeding that lays at the heart of the action nor does the record show that one was necessary.[3]

### III. Conclusion

For the reasons discussed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and

---

[3] With respect to Garcia-Garcia's argument that the BOP allegedly did not follow its own regulation, the failure to follow a prison regulation does not mean that an inmate's due process rights have been violated. "[P]rison regulations are meant to guide correctional officials, not to confer rights on inmates." Farrakhan-Muhammad v. Oliver, 677 F. App'x 478, 479, 2017 WL 460982, *1 (10th Cir. Feb. 3, 2017) (holding that "minor deviations from Bureau of Prison regulations regarding when Petitioner received the incident report and when the UDC hearing occurred did not violate the Constitution."); see also Cooper v. Jones, No. 10-6003, 372 F. App'x 870, 872 (10th Cir. Apr. 13, 2010) ("The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison.").

In any event, the record does not support Garcia-Garcia's contention that the BOP did not follow its own regulation. That regulation provides that "[t]he Warden will also appoint a staff representative if it appears you are unable to adequately represent yourself before the DHO, for example, if you are illiterate or have difficulty understanding the charges against you." 28 C.F.R. § 541.8(d)(1). As noted above, there is no evidence that the BOP concluded that plaintiff was unable to represent himself nor did plaintiff request a staff representative despite being advised of his right to request one.

6

legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus; and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 26th day of April, 2018.

ENTER: David A. Faber
David A. Faber
Senior United States District Judge